IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cr-30021 |
| ) | |
| JONATHAN EYMANN and ) | |
| GARY LYONS, ) | |
| ) | |
| Defendants. ) | |

## OPINION

On October 12, 2018, a jury of his peers found Defendant Gary Lyons ("Lyons") guilty of conspiracy to distribute marijuana and possession with the intent to distribute marijuana. Lyons timely moves under Federal Rule of Criminal Procedure 33 for an order granting a new trial based on three grounds of alleged error. Because Lyons has not shown the alleged errors had a prejudicial effect upon the jury's verdict or that the alleged errors jeopardized his substantial rights, Lyons' motion (d/e 155) is DENIED.

### I. BACKGROUND

On May 6, 2015, a three-count Indictment charged Lyons and codefendant Jonathan Eymann ("Eymann") with conspiracy to

distribute mixtures or substances containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(D), and possession with the intent to distribute mixtures or substances containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2. The Indictment also charged Lyons with carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Eymann entered a plea of guilty to Count 1 of the Indictment on October 9, 2018. That same day, Lyons' jury trial began. After a four-day trial, the jury found Lyons guilty on Counts 1 and 2—conspiracy to distribute marijuana and possession with the intent to distribute marijuana, respectively—and not guilty on Count 3—carrying a firearm in relation to a drug trafficking crime. Lyons subsequently filed the motion for a new trial that is now before the Court.

## II. LEGAL STANDARD

The Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When a defendant seeks a new

trial because of an alleged trial error, the Court will grant a new trial if there is a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." United States v. Van Eyl, 468 F.3d 428, 436 (7th Cir. 2006) (citing United States v. Berry, 92 F.3d 597, 600 (7th Cir 1996)). The Court may also grant a new trial where "trial errors or omissions have jeopardized the defendant's substantial rights." United States v. Reed, 986 F.2d 191, 192 (7th Cir.1993) (citing United States v. Kuzniar, 881 F.2d 466, 470 (7th Cir. 1989)). "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." United States v. Morales, 902 F.2d 604, 605 (7th Cir. 1990) (citations omitted).

### III. ANALYSIS

Lyons bases his motion for a new trial on three grounds, two of which were litigated before trial. Lyons first claims that the Court erred in permitting Sean Simpson ("Simpson"), a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), to testify as an expert for the government. Lyons next revisits the Court's pretrial decision denying his motion to suppress evidence, asserting the decision was made in error. Finally, Lyons argues

that Immigration and Customs Enforcement ("ICE") Special Agent Glen Harrington's ("Harrington") conduct while testifying deprived Lyons of a fair trial.

### A. The Court Did Not Err in Allowing Simpson to Testify as an Expert Witness

In his first alleged ground for relief, Lyons renews an objection made before, and during, trial to the Court's acceptance of DEA TFO Sean Simpson as an expert witness. The Government offered Simpson as a witness on "the quality, quantity, and value" of the marijuana seized in this case. Gov't's Am. Notice of Experts' Names, Qualifications and Subjects of Testimony (d/e 124) at 2. Lyons claims that the Court erred when it allowed Simpson "to testify as an expert in many different fields, including those not listed in his curriculum vitae." Def.'s Rule 33 Mot. New Trial (d/e 155) at 1. Lyons also notes that Simpson had not previously been certified as an expert witness in federal court. Allowing Simpson to testify as an expert, Lyons claims, prejudiced the jury against him.

Federal Rule of Evidence 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise . . . ."

"While extensive academic and practical expertise in an area is certainly sufficient to qualify a potential witness as an expert, Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience." Smith v. Ford Motor Co., 215 F.3d 713 (7th Cir. 2000) (quotations and citations omitted).

Lyons' objection focuses on what he perceives to be Simpson's lack of formal training, but Simpson's curriculum vitae admitted at trial shows him to be qualified to offer expert opinions on the designated topics. Relevant training Simpson received includes Basic Narcotic Investigators School, DEA Basic Narcotics and Dangerous Drugs Course, and a Drug Education/Identification Seminar. Simpson testified at trial that this training included information on marijuana investigations and the use, sales, and trafficking of marijuana.

Lyons does not address further knowledge Simpson may have gained based on experience. In addition to his formal training, Simpson also testified at trial to his employment history, including working as an Investigator with the Illinois Attorney General's Office where he was involved in drug-related cases and his thirteen years of experience as a DEA TFO. Simpson testified that as a DEA TFO

he has been involved in hundreds of marijuana investigations, ranging from simple possession to large-scale trafficking. He further testified that he has listened to wiretaps of marijuana traffickers and interviewed people involved in the sales and distribution of marijuana about how they conduct their trafficking business. This combination of formal training and practical experience makes Simpson qualified to testify as an expert on these topics. See e.g. United States v. York, 572 F.3d 415, 419–20 (7th Cir. 2009) (holding that "extensive experience in narcotics investigations" qualified police officer to testify about meaning of drug code words and the typical price and quantity of wholesale drug transactions).

Finally, Lyons' objection to the fact that Simpson had not been previously qualified as an expert in federal court is not persuasive. Every expert must be qualified as an expert in federal court for the first time at some point. To require that a person must have been previously qualified as an expert in order to testify as an expert would create an impossibility.

The Court properly accepted Simpson's testimony as an expert on the subjects on which the Government called him to testify.

Because the Court does not find an error in certifying Simpson, allowing Simpson to testify as an expert on those topics did not prejudice the jury against Lyons.

### B. Lyons Has Not Provided Any Reason for the Court to Reconsider its Prior Rulings on Lyons' Motion to Suppress Evidence

Lyons next contends that the Court erred in its pretrial decision denying his motion to suppress evidence. Lyons first states that the Court's decision was in error "for the reasons stated earlier during and after the motion hearing." Def.'s Rule 33 Mot. New Trial 1. The Court previously addressed those reasons in its Order and Opinion denying the motion to suppress (d/e 77) and a later Order denying a motion to reconsider that denial (d/e 138). To the extent that Lyons adds nothing new to his previous arguments, he has not given the Court any reason to reconsider those earlier decisions.

Lyons also now contends that denying the motion to suppress violates his Fifth Amendment right against double jeopardy. While the Court previously addressed the potential preclusive effect of the Montgomery County Circuit Court's suppression decision, Lyons' double jeopardy claim is new. In his earlier motion to reconsider,

however, Lyons stated that "double jeopardy is not directly at issue in this case because after the motions to suppress were granted in . . . Montgomery Co[unty], a notice of *nolle prosequi* was filed." Defs.' Joint Mot. To Reconsider Denial of Mot. to Suppress (d/e 122) at 2. Lyons thus has previously acknowledged that jeopardy never attached in the state court case.

The Supreme Court has made clear that "jeopardy attaches when the jury is empaneled and sworn." Crist v. Bretz, 437 U.S. 28, 38 (1978). No jury was empaneled and sworn in the Montgomery County case, and therefore jeopardy never attached. Moreover, as the Court has previously noted, the Double Jeopardy Clause does not bar successive prosecutions by separate sovereigns. See United States v. Lara, 541 U.S. 193, 220 (2004). Both the State of Illinois and the federal government may prosecute an individual for the same conduct that offends the law of both sovereigns. The Court will not revisit its prior rulings on the motion to suppress evidence for this reason and so finds no error requiring a new trial on this ground either.

### C. Harrington's Conduct While Testifying Did Not Deprive Lyons of a Fair Trial

Finally, Lyons claims that ICE Special Agent Glen Harrington's "actions in court via testimony and his questioning of defense counsel from the witness stand deprived the defendant of a fair trial." Def.'s Rule 33 Mot. New Trial 2. At the end of the first day of the trial, at which Harrington was the first witness called, the Court noted Harrington's behavior while on the witness stand and admonished him for behaving discourteously. The Court said at that time that Harrington's behavior was potentially cause for a mistrial, but Lyons did not move for a mistrial at that point or any other time. Harrington's conduct while on the stand the next day was markedly different.

In the Court's view, the sort of behavior Lyons complains about is just as likely, if not more likely, to prejudice a jury against a witness rather than a defendant. Harrington's behavior during what amounted to at most a few hours of contentious cross-examination in the course of a four-day trial does not necessitate a new trial.

## IV. CONCLUSION

None of the alleged errors Defendant identifies had a prejudicial effect on the jury's verdict or jeopardized the Defendant's substantial rights. For that reason, Defendant Gary Lyons' Rule 33 Motion for New Trial (d/e 155) is DENIED.

ENTERED: February 21, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
United States District Judge